UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIC KELLER | CIVIL ACTION |
| VERSUS | NO. 07-1306 |
| DRY CYPRESS SWAMP TOURS, LLC, et al. | SECTION "N" (5) |

### ORDER AND REASONS

Presently before the Court is the Motion to Dismiss, urging a lack of subject matter jurisdiction, that was filed by Defendants United States Environmental Services ("USES") and the Gray Insurance Company ("Gray") on September 26, 2008 (Rec. Doc. 75). As stated herein, **IT IS ORDERED** that the motion is **DENIED**.

Plaintiff has asserted claims against USES and Gray under the Jones Act, 46 U.S.C. §688. USES and Gray, however, disagree that Plaintiff is a Jones Act "seaman." Specifically, they urge the Court to conclude, considering the evidence and argument presented, that marsh is not "navigable water," that an airboat is not a "vessel," and that Plaintiff did not have the requisite substantial connection to a vessel (or fleet of vessels) in navigation at the time of his accident.

Given these arguments, USES's and Gray's jurisdictional attack challenges the very existence of Plaintiff's Jones Act cause of action. Under these circumstances, the "proper course of action . . . is to find that jurisdiction exists and deal with objection as a direct attack on the merits of the plaintiff's case" under Rule 12(b)(6) or Rule 56 of the Federal Rules of Civil Procedure. *Williamson v. Tucker*, 645 F.2d 404, 415-16 (5th Cir. 1981); *see also Montez v. Dep't. of the Navy*, 392 F.3d 147, 149-50(5th Cir. 2004)(citing *Williamson*).

Because both parties have submitted evidence in connection with this motion, the Court evaluates it under Rule 56.  Having done so, the Court cannot conclude that no genuine issues of material fact exist, and that Defendants USES and Gray are entitled to judgment in their favor as a matter of law, relative to Plaintiff's alleged status as a Jones Act "seaman."  The Court disagrees that an airboat operated on water is not a vessel, and further notes that Plaintiff undisputedly spent some time working on barge with twin-outboard engines.  That being said, the submitted evidence is conflicting as to the time spent by Plaintiff in the service of a vessel (or fleet of vessels) "in navigation," as well as the nature and extent of Plaintiff's duties in connection with that vessel or fleet of vessels. Accordingly, on the showing made, the Court declines to dismiss Defendants USES and Gray from this suit.  This ruling is, of course, subject to the Court's findings to be made, pursuant to Rule 52 of the Federal Rules of Civil Procedure, during and/or following trial.

New Orleans, Louisiana, this 9th day of October 2008.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

2